IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

STATE OF OREGON, acting by and
through the Department of Corrections,

Plaintiff,

vs.

NICHOLAS ADAM AMES,

Defendant.

Case No. 6:16-cv-00345-TC

O R D E R

AIKEN, Judge:

This is a copyright infringement action. The State of Oregon created a video, Prison Cell Extraction ("the video"), for use in training Department of Corrections personnel to remove a prisoner from a cell.[1] Compl. ¶¶ 9, 17. Defendant Nicholas Ames Adams posted the video on YouTube in late December 2015 without plaintiff's permission. Id. ¶ 11. YouTube took the video down in January 2016 after plaintiff initiated a Digital Millenium Copyright Act ("DMCA")

---

[1] Because default has been entered in this case, the factual allegations in the complaint are taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

PAGE 1 - ORDER

takedown request. *Id.* ¶ 13. In February 2016, defendant filed a DMCA counter-notification with Youtube, swearing under penalty of perjury that "its my video of me [sic]" and asserting the video should not have been taken down. *Id.* ¶ 14. YouTube then informed plaintiff the video could be reinstated unless plaintiff "file[d] an action seeking a court order to restrain the counter notifier's allegedly infringing activity[.]" *Id.* Plaintiff has been informed defendant is continuing to make the video available to the public on the internet. *Id.* ¶ 19.

Plaintiff filed this action February 25, 2016. Doc. 1. Defendant's roommate, who is over eighteen, was served with a copy of the complaint and summons by personal service on March 25, 2016. Doc. 4. Defendant never filed an answer or otherwise appeared. Plaintiff moved for and the clerk entered default on June 20, 2016. Doc. 5-6. Plaintiff now moves for default judgment, seeking to permanently enjoin defendant from continuing to infringe its copyright in the video.

The complaint states a claim for copyright infringement. *See* 17 U.S.C. § 106 (holder of copyright has exclusive right to reproduce and distribute the copyrighted work); *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003) ("To establish a claim of copyright infringement by reproduction, the plaintiff must show ownership of the copyright and copying by the defendant.") The Copyright Act broadly extends protection to "original works of authorship fixed in any tangible medium of expression . . . from which they can be perceived, reproduced, or otherwise communicated[.]" 17 U.S.C. § 102(a). This protection extends to "audiovisual works" such as videos. *Id.* § 102(a)(6). An employee training video falls within the broad "works of authorship" definition because it includes "some minimal degree of creativity." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991). Thus, the entry of default established defendant's liability. *Geddes*, 559 F.2d at 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual

allegations of the complaint, except those relating to the amount of damages, will be taken as true.")

In making this determination, I have considered "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts [,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seventh factor always weighs against a default judgment. I find the first, second, third, fourth, and sixth factors weigh in favor of awarding a default judgment. I have concerns about the fifth factor, as set forth in more detail below, and have accounted for those concerns by narrowly tailoring the relief to be awarded.

The motion for default judgment does not request damages. Instead, plaintiffs seek a broad permanent injunction barring defendant from infringing *any* of its now-existing or future copyrighted works through copying or distribution.

I must carefully consider the appropriate scope of the injunction for three reasons. First, an injunction is a "drastic and extraordinary remedy" which should not issue "as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). Accordingly, a district court abuses its discretion by entering an overbroad injunction. *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 993 (9th Cir. 2009).

Second, as noted above, I have concerns about "the possibility of a dispute concerning material facts." *Eitel*, 782 F.2d at 1471-72. The facts here are an odd fit for a copyright infringement claim. As noted, the Copyright Act provides broad protection for works of authorship. However, the law also provides that the "fair use" of a copyrighted work "for purposes such as

PAGE 3 - ORDER

criticism, comment, [or] news reporting . . . is not an infringement of copyright." 17 U.S.C. § 107. The statute directs courts to consider

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work.

*Id.* The first and fourth factors are the most important to consider. *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1171 (9th Cir. 2012); *see also see Hustler Magazine, Inc. v. Moral Majority, Inc.*, 606 F. Supp. 1526, 1535 (C.D. Cal. 1985) (collecting cases and noting that "defendant's use is more likely to be considered fair if it serves a different function than plaintiff's."). This focus is consistent with the "primary objective" of the Copyright Act, which is to "encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 524 (1994). Such production is stifled if infringers either steal profits from the copyright holder (*i.e.*, use copyrighted work commercially) or reduce the profit stream the copyright holder otherwise would receive (*i.e.*, make copyrighted work available for free when the copyright holder otherwise could sell it).

There is a market for training videos and there are factual scenarios in which protecting such videos clearly would advance the purposes of the Copyright Act — for example, if one company whose business consisted of creating training videos stole content from another company in the same line of work. Posting a prison training video on Youtube does not fit that model, though. Indeed, it is easy to imagine scenarios in which posting such a video might qualify as "criticism," "comment" or "news reporting," 17 U.S.C. § 107, for example, if an activist or a news organization were attempting to hold the state accountable for the way it treats prisoners.

I do not decide that fair use would apply in this case if defendant had raised it. Fair use is an affirmative defense. *Monge*, 688 F.3d at 1170. Because defendant never appeared in this action, he did not assert fair use or any other affirmative defense. Accordingly, fair use ought not be adjudicated *sua sponte*. *Cf. Balagso v. Aurora Loan Svcs., LLC*, 2011 WL 2133709, *9 (D. Haw. May 26, 2011). Moreover, the thin factual record precludes me from determining whether a fair use exception would apply on the facts of this case. Nonetheless, it is my obligation to take the possibility of a viable fair use defense into consideration in tailoring appropriate relief.

Third, special care is warranted here because posting a video on the internet (or distributing a video through other methods) can be speech protected by the First Amendment. *See Requa v. Kent Sch. Dist. No. 415*, 492 F. Supp. 2d 1272, 1279 (W.D. Wash. 2007).

Mindful of these considerations, I find plaintiff's requested relief is overbroad. The complaint contains allegations related only to Prison Cell Extraction, not to any other copyrighted works, and it does not allege defendant has a pattern of infringing copyrights belonging to plaintiff or to anyone else.

Pursuant to 17 U.S.C. § 502(a), defendant is permanently enjoined from infringing plaintiff's rights under federal or state law in the video entitled "Prison Cell Extraction," https://youtu.be/zQok8tROUFs, including by using the internet or any online media distribution system to reproduce (*i.e.* download) Prison Cell Extraction, to distribute (*i.e.* upload) Prison Cell Extraction, or to make Prison Cell Extraction available for distribution to the public or for public display.

Plaintiff's Motion for Entry of Default Judgment: Permanent Injunction (doc. 7) is GRANTED and this case is DISMISSED.

PAGE 5 - ORDER

IT IS SO ORDERED.

Dated this 13th day of September 2016.

_____
Ann Aiken
United States District Judge

PAGE 6 - ORDER